**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name:  08a0199n.06
Filed:  April 16, 2008

No. 07-1515

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| KARL BURNETT, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| PAUL KELLEY, in his individual and | ) | EASTERN DISTRICT OF MICHIGAN |
| official capacities, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |

Before:  DAUGHTREY and SUTTON, Circuit Judges; POLSTER,[*] District Judge.

**PER CURIAM.**  The plaintiff, Karl Burnett, was charged in Michigan state court with impersonating an officer and forging a license plate after defendant police officer Paul Kelley observed, but did not stop, a speeding automobile that looked like an official police vehicle.  The car was a black Crown Victoria, a model commonly used by police, and it appeared to have a license plate with the same color as and numbers similar to those on a police car, a state seal identical to the design on Michigan police cars, and the words "State Owned" at the bottom.  There was also a large antenna on the back of the vehicle

---

[*]The Hon. Dan A. Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

similar to those on police cars. After the car had sped away, Kelley ran the license plate number through the appropriate databases, found that it was assigned to a private citizen named Karl Burnett, and called Burnett to verify his ownership of the vehicle and to inquire whether he was a police officer.

Burnett told Kelley that he was a reserve deputy sheriff for Wayne County. He conceded that the vehicle Kelley had seen was his but denied that he had changed the color of the license plate or that it bore the notation "State Owned." He did admit, however, that his car generally resembled a police car and that he had ordered the vanity plate number and had the decal bearing the state seal affixed to the license plate. Investigating further, Kelley placed calls to two police departments where Burnett had reported serving as a reserve deputy sheriff. An official at one of them indicated that Burnett had been reprimanded for having red and blue police lights on his personal motorcycle, and a spokesman at the other indicated that Burnett had been terminated.

Following Officer Kelley's investigation, Burnett was arrested and charged with forgery of a license plate and impersonating an officer. At the end of his preliminary examination, the state judge dismissed the charges, but sternly warned Burnett that he had "escaped by a hair from facing a felony."

Thereafter, Burnett brought suit against Kelley and others, alleging that his arrest and prosecution violated his Fourth and Fourteenth Amendment rights under the United States Constitution and claiming false arrest, malicious prosecution, abuse of process,

intentional infliction of emotional distress, and gross negligence. After the defendants jointly moved for summary judgment, Burnett abandoned his claims against all defendants except Officer Kelley.

In a cogent and thorough opinion, the district judge granted the defendants' motion for summary judgment on all claims, and Burnett now appeals that decision. We affirm the judgment of the district court based upon the reasoning in its order and opinion dated February 27, 2007, with one exception. In granting Kelly's motion for qualified immunity, the district court was incorrect to "assume[] that" a constitutional violation occurred. *See Saucier v. Katz*, 533 U.S. 194, 200. As *Saucier* tells us, a court required to make a qualified immunity ruling must first decide the "threshold question" of whether, "[t]aken in the light most favorable to the party asserting the injury, . . . the facts alleged show the officer's conduct violated a constitutional right." *Id*. at 201. Because, on the facts alleged, Kelly acted based on probable cause, he did not violate Burnett's constitutional rights. We thus uphold the district court's grant of qualified immunity by resolving the question at step one of the *Saucier* inquiry.

AFFIRMED.